IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELI SCHER-ZAGIER,<br><br>                        Plaintiff,<br><br>       v.<br><br>CENTRAL INTELLIGENCE AGENCY,<br><br>                        Defendant. | **Case No. 1:26-cv-2852**<br><br><br>**COMPLAINT** |

Plaintiff ELI SCHER-ZAGIER, by his undersigned attorneys, alleges:

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for declaratory, injunctive, and other appropriate relief, including an order to produce agency records in response to two FOIA requests properly made by Plaintiff Eli Scher-Zagier to Defendant, the Central Intelligence Agency ("the CIA").

2.      Plaintiff is seeking access to certain CIA records that describe instances of workplace sexual misconduct, the agency's responses to those incidents, and its policies for such responses, matters the public has a vital interest in understanding.

## PARTIES

3.      Plaintiff Eli Scher-Zagier is a person who requested to inspect and copy agency records under FOIA.

4.      Defendant CIA is an agency of the United States government that has possession and control of the records that Plaintiff seeks to inspect and copy.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

1

6.      Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

7.      FOIA requires that agencies make a determination as to FOIA requests within 20 business days. 5 U.S.C. § 552(a)(6)(A).

8.      Plaintiff is deemed to have exhausted all administrative remedies. 5 U.S.C. § 552(a)(6)(A), (a)(6)(C)(i).

**FACTS**

9.      In 2023, Plaintiff submitted a FOIA request to the CIA ("Request 1"), which is currently the subject of a related case in this Court, *Scher-Zagier v. Central Intelligence Agency*, No. 1:24-cv-03262-RC.  Request 1 seeks (among other records) copies of reports on sexual misconduct at the CIA and a CIA guidance on reporting sexual assault that the CIA had publicly stated it would issue by May 31, 2023.

10.     In 1:24-cv-03262-RC, the CIA is still reviewing potentially responsive documents and has been ordered to complete its production of all non-exempt responsive documents by August 17, 2026.  The parties have been in ongoing communication over the productions to date, and Plaintiff currently anticipates that assistance will be needed from the Court to resolve disputes over redactions and withholdings made by the agency in its response to Request 1.

**Plaintiff's Second FOIA Request**

11.     On December 20, 2024, Mr. Scher-Zagier submitted an additional FOIA request to the CIA ("Request 2"), via the agency's online portal.  Request 2 sought a specific CIA report that had recently been disclosed by the CIA in published news accounts, specifically requesting:

> [T]he 648-page CIA Office of Inspector General report on the CIA's handling of sexual misconduct reports.  *See* Jim Mustian & Joshua Goodman, *New CIA Workplace Assault Case Emerges as Spy Agency Shields Extent of Sexual Misconduct in Ranks*, AP News (Sept. 11, 2024), https://apnews.com/article/cia-sexual-misconduct-spy-agency-secret-harassment-b9ad870f695d6f4127205536fafa66d2 (describing this report).

2

12.     Request 2 also sought a fee waiver because disclosure is in the public interest, would contribute significantly to public understanding of a matter of public concern, *i.e.*, the sexual misconduct policies and practices at the CIA, and is not primarily in the commercial interest of the requester.

13.     Upon submitting the request, Mr. Scher-Zagier received an automated submission confirmation from the agency's online portal, but the CIA did not acknowledge receipt of Request 2 until two months later, by an emailed letter dated February 20, 2025.

14.     The February 20 letter stated that "[i]t has come to our attention that you may not have received CIA's acknowledgment of this request," and enclosed an acknowledgment letter dated December 30, 2024.  That earlier letter indicated that the CIA had assigned Request 2 tracking number F-2025-00722 and waived fees.  It also noted that the agency is "currently processing a request for the same record from another requester" and would "forward to [Mr. Scher-Zagier] the same CIA-originated records, if released" to the other requester.

15.     Plaintiff has not yet received the Inspector General report sought in Request 2.

**Plaintiff's Third FOIA Request**

16.     Meanwhile, in No. 1:24-cv-03262-RC, the CIA filed a declaration on March 5, 2026, stating that it had "set 4 April 2024 as the end date" for any documents to be produced because that was the date the CIA had begun conducting its search for the records sought in Request 1.

17.     The declaration also stated that the agency had located additional records sought by Request 1, namely, new guidance on reporting sexual misconduct issued by the CIA in August 2025 and September 2025.  The CIA declined to produce this new guidance because it was issued after the April 4, 2024, date when the CIA began its search for responsive records.

18.    On April 26, 2026, Plaintiff submitted a third FOIA request to the CIA

("Request 3"), via the agency's online portal, seeking:

> CIA's "additional new guidance on reporting sexual assault and
> harassment, including regulations and guidance issued and
> published internally in August 2025 and September 2025," that the
> CIA referenced as issued after April 4, 2024, in its declaration in my
> ongoing FOIA lawsuit. Decl. of Mary C. Williams ¶ 15, Scher-
> Zagier v. Cent. Intel. Agency, No. 24-cv-03262 (D.D.C. Mar. 5,
> 2026).

19.    Request 3 sought a fee waiver because disclosure is in the public interest, will

contribute significantly to public understanding of a matter of public concern, *i.e.*, the sexual

misconduct policies and practices at the CIA, and is not primarily in the commercial interest of

the requester.

20.    Request 3 also sought expedited processing because the CIA's issuance of the

sexual misconduct reporting policies it has long promised is a matter of urgent concern

considering the CIA's mission and congressional findings of "confusion and disorder in the

process for reporting sexual assault and harassment." House Permanent Select Committee on

Intelligence, Addressing How the Central Intelligence Agency Is Responding to Sexual Assault

and Harassment: Interim Report of House Permanent Select Committee on Intelligence 3 (2024).

21.    By letter dated May 4, 2026, the CIA acknowledged receipt of Request 3,

assigned it tracking number F-2026-01583, denied expedited processing, and waived fees

"associated with the administrative phase of [his] request."

**CIA's Failure to Produce**

22.    The CIA's FOIA tracker at https://www.cia.gov/readingroom/request/status has

for months identified Request 2 as "In Process," and Request 3 as "Not Found."  It continues to

so identify them as of August 11, 2026, and provides no further information.

4

23.     On July 31, 2026, Plaintiff attempted to obtain an update on Requests 2 and 3 by calling the CIA FOIA telephone number provided in the agency's acknowledgment letters, (703) 613-1287.  His call was answered only by an automated message, so Plaintiff left a voicemail with his name, contact information, and the status of the two FOIA requests as indicated on the agency's website.  He requested a status update for both requests and an explanation why Request 3 was listed online as Not Found.

24.     By letter dated August 4, 2026, the CIA informed Plaintiff that the Office of the Information and Privacy Coordinator of the CIA received the telephone message and estimated that the processing of Request 3 would not be completed until April 12, 2027.

25.     As of the date of this pleading, nearly two years after Mr. Scher-Zagier filed Request 2, and more than three months after he filed Request 3, the CIA has produced none of the requested records and provided no substantive response to either request.

## CLAIM

26.     Plaintiff repeats, re-alleges, and incorporates the allegations in the preceding paragraphs as though fully set forth herein.

27.     The CIA is an agency subject to FOIA that "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person," or provide a lawful reason for withholding any other materials for which it claims an exemption.  5 U.S.C. §552(a)(3)

28.     The CIA has constructively denied Plaintiff's FOIA Requests 2 and 3—and Plaintiff has thus exhausted his administrative remedies—because the CIA has failed to comply with FOIA's timing requirements to "determine within 20 days [...] after the receipt [of a]

request whether to comply with such request and [to] immediately notify the person making such request of" its determination.  5 U.S.C. § 552(a)(6)(C).

29.    Defendant's failure to timely provide a substantive response to Plaintiff's requests violates FOIA, 5 U.S.C. § 552(a)(6)(A).  The CIA has not established that any exemptions permit the withholding of records sought by the requests.

30.    Plaintiff is entitled to an order compelling production of the requested records.

## <u>RELIEF REQUESTED</u>

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A.  Declare that the records sought in FOIA Requests 2 and 3 are public records under 5 U.S.C. § 552 and must be disclosed;

B.  Order the CIA to immediately conduct a thorough search for all records responsive to Plaintiff's requests;

C.  Order the CIA to provide the requested records to Plaintiff within 20 business days of this Court's order;

D.  Order the CIA to waive all remaining fees associated with Plaintiff's FOIA requests;

E.  Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

F.  Grant such other and further relief as the Court deems just and proper.

Dated: August 13, 2026

Respectfully submitted,

MEDIA FREEDOM &
  INFORMATION ACCESS CLINIC

By: /s/ *David A. Schulz*
David A. Schulz (#459197)
Media Freedom & Information Access Clinic
Yale Law School
127 Wall Street
New Haven, CT 06511
(212) 850-6103
david.schulz@ylsclinics.org

*Counsel for Plaintiff*